## SHAW vs. GRANT.

A plea to a declaration in slander, which alledges that the words were spoken on the authority of another, must aver that the person on whose authority they are published, did in fact speak the words, or the plea will be bad on general demurrer.

CASE—For slander.

PLEAS—1st. Not guilty: and

2d. "And for further plea in this behalf, the leave of this court first had and obtained, and according to the statute in such cases made and provided, the said William [Grant] saith that the said Thomas [Shaw] ought not to have and maintain his aforesaid action against him, because he saith, that at the time of speaking the words uttered and published by the said William, of and concerning the said Thomas, as set forth in said declaration, he, the said William, did state and relate at the same time of stating and relating, expressly did state and and declare them to have been stated and told, related, uttered and published by one Robert Hanlon, by reason of which the said William did utter and publish them of and concerning the said Thomas, on the authority of said Robert Hanlon and not otherwise (as lawfully he might do) all of which he is ready to verify: wherefore he prays judgment, &c.

"D. REDICK, Att'y for def't."

To which plea, a special demurrer was put in, and the following causes of demurrer assigned:

1st. That there is no defence made.

2d. That it is not stated that the said words, which the said plea seeks to justify the speaking of, were told to the said William by any person whatever, either before or after he published the same, at any place whatever.

3d. That it does not shew that the said William, at the time of speaking the said words, stated that the same had been told to him by any person whatever, or that the persons who heard the slander uttered, heard him make any explanation thereof, &c.

J. C. WRIGHT, Att'y for plaintiff.

PRESIDENT.—It is not necessary to give an opinion on each of the causes of demurrer to this plea, as, on examination, it appears to

JEFFERSON.  be substantially defective in this: that it does not aver
April 1817.  that the words were. in fact, uttered and published by
Redick  Robert Hanlon.  In the case of Davis vs. Lewis, 7th
v.
Orr.  D. & E. 17, it was observed by lord Kenyon, "that if a
person say that such a man, naming him, told him certain slander,
*and that man did in fact tell him so*, it is a good justification."  Whether
that man did, in fact, tell him so, is a point material and traversible.
It must, therefore, be averred in the plea, for a plea must contain every
material fact necessary to the defence ; and it is not to be inferred that
Hanlon was the author, because the defendant said so.  The reason
why this plea in excuse for uttering slanderous words is allowed, is
because it shews that the defendant is not the author of the slander,
and it gives an action against him who is the wrong doer.  The second
plea in bar is insufficient.